J-S68010-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM HOPKINS, | |
| Appellant | No. 1611 WDA 2015 |

Appeal from the PCRA Order September 17, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0002705-2010

BEFORE:  SHOGAN, SOLANO, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 7, 2016**

Appellant, William Hopkins, appeals from the September 17, 2015 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

We previously summarized the facts of Appellant's crimes and the initial procedural history as follows:

> At approximately 9:15 p.m. on December 23, 2009, Detective Jason Moss, a trained narcotics detective with the City of Pittsburgh Police Department, observed an individual pacing around a grocery store parking lot and making calls on a cellular phone. Detective Moss recognized that man from a previous encounter a month earlier as a drug user.  Detective Moss testified that, after making calls, the man walked to the side of a building and began counting

_____

[*]  Retired Senior Judge assigned to the Superior Court.

his money. Detective Moss then observed a car pull up on a side street near the man and park against traffic under a "No Parking" sign. The Detective contacted his partners, who approached the vehicle. Upon observing the police approaching, the known drug user turned away from the car, fled the scene and escaped apprehension.

Detective Charles Higgins, one of Detective Moss's partners that evening, testified that as he approached the car, he observed a juvenile later identified as T.H. throw an open brick of heroin to the car floor with his right hand. Detective Edward Fallert also observed T.H. throw a brick of heroin onto the floor of the vehicle. T.H. was arrested and the heroin was seized. As he approached the car, Detective Higgins also observed a loaded Smith & Wesson 0.38 caliber firearm between T.H.'s seat and the center console.

Detective Mark Goob approached the driver's side of the vehicle and observed Appellant, the driver, start to reach down between the console and the driver's seat and push his hand down into that area. Detective Goob ordered Appellant out of the vehicle. In the vehicle, between the driver's seat and the center armrest, Detective Goob recovered two additional bricks of heroin. Counsel for Appellant stipulated that whoever possessed the heroin in the car did so with intent to distribute it, and not for personal use. Detective Fallert recovered $361.00 in cash and two cellular phones from Appellant pursuant to a search incident to arrest.

Trial court opinion, 4/2/12 at 3–4. A total of 150 stamp bags of heroin were found inside the vehicle; 50 were in the brick thrown by T.H. onto the floor on the passenger side of the vehicle and 100 were in the two bricks located between the driver's seat and the center console.

Appellant was charged with one count each of person not to possess a firearm, 18 Pa.C.S.A. § 6105(a)(1), carrying a firearm without a license, 18 Pa.C.S.A. § 6106(a)(1), PWID (heroin), 35 P.S. § 780–113(a)(30), and possession of a

controlled substance (heroin), 35 P.S. § 780–113(a)(16). Appellant was also charged with one summary traffic count of prohibitions in specified places, 75 Pa.C.S.A. § 3353. Subsequently, the trial court granted [A]ppellant's motion to sever the charge of person not to possess a firearm. On May 11, 2011, a jury trial was held; [A]ppellant failed to return to the courthouse after jury selection and, as a result, was tried in absentia. Appellant was found guilty of all counts, and the Honorable Jill E. Rangos found [A]ppellant guilty of the summary traffic count.

On October 17, 2011, a sentencing hearing was held in absentia. The Commonwealth had provided notice of its intention to seek the two separate mandatory minimum sentences applicable to the PWID count. Specifically, the two-year mandatory minimum sentencing enhancement pursuant to 18 Pa.C.S.A. § 7508(a)(7)(i) by virtue of the heroin weighing more than one gram, and the five-year mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9712.1 because a gun was in close proximity to the drugs [were applied]. Appellant was sentenced to 40 to 80 months' imprisonment for carrying a firearm without a license and a consecutive 7 to 15–year term for PWID; no further penalties were imposed on the remaining counts. Thereafter, on October 24, 2011, [A]ppellant was resentenced to the same sentence but provided credit for 8 days of time served.

Notice of appeal was filed on November 22, 2011. Appellant complied with the trial court's order to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P., Rule 1925(b), 42 Pa.C.S.A., and the trial court has filed an opinion.

***Commonwealth v. Hopkins***, 67 A.3d 817, 818–820 (Pa. Super. 2013).

We affirmed Appellant's judgment of sentence, holding that the evidence was sufficient to support his constructive possession of the heroin and firearm found in the vehicle and that Appellant's mandatory sentence was proper. ***Id***. Our Supreme Court denied Appellant's petition for

allowance of appeal on October 29, 2013. *Commonwealth v. Hopkins*, 78 A.3d 1090 (Pa. 2013).

Appellant, *pro se*, filed the instant PCRA petition on June 2, 2015. The PCRA court appointed counsel, who filed an amended petition on July 20, 2015. On August 18, 2015, the PCRA court entered notice of its intent to dismiss the petition as untimely pursuant to Pa.R.Crim.P. 907. On September 17, 2015, relief was denied. Appellant filed a timely appeal to this Court, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

I.   The sentence violates the United States constitution because it exceeds the lawful maximum.

II.  The PCRA Petition was timely filed within 60 days of Hopkins discovering that *Alleyne* applied to his case.

Appellant's Brief at 5.

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." *Commonwealth v. Matias*, 63 A.3d 807, 810 (Pa. Super. 2013) (citing *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009)). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super.

2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)). "[S]uch a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion." **Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. **See**, **e.g.**, **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999). Whether [a petitioner] has carried his burden is a threshold inquiry prior to considering the merits of any claim." **Commonwealth v. Edmiston**, 65 A.3d 339, 346 (Pa. 2013).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the

- 5 -

Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). As noted *supra*, our Supreme Court denied Appellant's petition for allowance of appeal on October 29, 2013. Thus, Appellant's judgment of sentence became final on January 27, 2014, when the time for seeking *certiorari* from the United States Supreme Court expired. **Id**.[1] Therefore, Appellant had until January 27, 2015, to file a timely petition. Appellant's PCRA petition, filed June 2, 2015, was untimely filed.

Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] "That burden necessarily entails an acknowledgment by

---

[1]  Appellant had ninety days from the date of the Pennsylvania Supreme Court's denial of his petition for allowance of appeal to file a petition for a writ of *certiorari* with the United States Supreme Court. **Commonwealth v. Hackett**, 956 A.2d 978, 980 n.4 (Pa. 2008); United States Supreme Court Rule 13.

[2]  The exceptions to the timeliness requirement are:

> (i)    the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

- 6 -

the petitioner that the PCRA petition under review is untimely but that one or more of the exceptions apply." ***Beasley***, 741 A.2d at 1261. "However, the PCRA limits the reach of the exceptions by providing that a petition invoking any of the exceptions must be filed within 60 days of the date the claim first could have been presented." ***Commonwealth v. Walters***, 135 A.3d 589, 592 (Pa. Super. 2016) (citing ***Commonwealth v. Leggett***, 16 A.3d 1144, 1146 (Pa. Super. 2011), and 42 Pa.C.S. § 9545(b)(2)). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Commonwealth v. Carr***, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Appellant admits that his petition was untimely filed, Appellant's Brief at 19, but he claims applicability of the "new constitutional right" exception to the PCRA time-bar based on ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). ***Id***.

> In ***Alleyne***, the Supreme Court held that the constitutional jury trial right requires any fact, other than a prior conviction, that triggers a mandatory minimum sentence to be proven beyond a

*(Footnote Continued)* ────────────

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

reasonable doubt before the finder of fact. *Alleyne* is an application of the Court's prior pronouncement in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which ruled that any fact that increases a maximum sentence must be found by the factfinder beyond a reasonable doubt or admitted by the defendant during his guilty plea. In *Alleyne,* the United States Supreme Court expressly overruled *Harris v. United States,* 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), which held that a fact that involves a mandatory minimum sentence does not implicate jury trial rights. *Alleyne* also implicitly abrogated *McMillan v. Pennsylvania,* 477 U.S. 79, 106 S.Ct. 2411, 91 L.Ed.2d 67 (1986), which withstood an *Apprendi* attack in the *Harris* decision.

   In *Commonwealth v. Newman,* 99 A.3d 86 (Pa. Super. 2014) (relying upon *Commonwealth v. Watley,* 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*)), we noted that *Alleyne* will be applied to cases pending on **direct appeal** when *Alleyne* was issued.

*Commonwealth v. Riggle*, 119 A.3d 1058, 1064 (Pa. Super. 2015) (emphasis added).

Appellant also suggests that he filed his petition within sixty days of discovering the applicability of *Alleyne* and *Commonwealth v. Newman*, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015) (concluding that 42 Pa.C.S. § 9712.1, regarding the distance between drugs and guns, is unconstitutional in light of *Alleyne*, as its subsections are not severable). This allegation lacks merit. Appellant must establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S. § 9545(b)(2). *Alleyne* was decided two years before Appellant filed his petition and *Newman* was filed ten months before Appellant's *pro se* petition. *See Leggett*, 16 A.3d at 1146 (stating

- 8 -

that "[w]ith regard to an after-recognized constitutional right, . . . the sixty-day period begins to run upon the date of the underlying judicial decision.").

While this Court has held that *Alleyne* applies to cases that were on direct appeal when *Alleyne* was issued, we have declined to construe that decision as applying retroactively to cases in which the judgment of sentence has become final.

> In concluding *Alleyne* does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the *Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) Court explained:
>
>> Even assuming that *Alleyne* did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that *Alleyne* is to be applied retroactively to cases **in which the judgment of sentence had become final.** This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

*Id.* at 995 (citations omitted) (emphasis supplied).

*Commonwealth v. Ruiz*, 131 A.3d. 54, 58 (Pa. Super. 2015) (emphasis in original). Indeed, our Supreme Court recently held that "*Alleyne* does not apply retroactively to cases pending on collateral review." *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa. 2016).

In conclusion, because Appellant's PCRA petition was untimely and no exceptions apply, the PCRA court correctly determined that it lacked jurisdiction to address the claim presented and grant relief. *See*

- 9 -

*Commonwealth v. Fairiror*, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that PCRA court lacks jurisdiction to hear untimely petition). Likewise, we lack the authority to address the merits of any substantive claims raised in the PCRA petition. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) ("[J]urisdictional time limits go to a court's right or competency to adjudicate a controversy.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/7/2016